UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA VIRIYAPUNT,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTRAL STATE CREDIT UNION,<br><br>    Defendant. | No. 2:24-cv-02078-DC-AC<br><br>ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT PAUL VIRIYAPUNT AS GUARDIAN AD LITEM<br><br>(Doc. No. 20) |

    This matter is before the court on Plaintiff Norma Viryapunt's motion to appoint Paul Viryapunt's as guardian *ad litem*. (Doc. No. 20.) No opposition to the pending motion has been filed. The pending motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. No. 24) For the reasons explained below, the court will deny Plaintiff's motion, without prejudice.

    Under Rule 17 of the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*." "The court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). A representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c).

    The appointment of the guardian *ad litem* is more than a mere formality. *United States v.*

*30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *Id*. The guardian need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).

In this district, Local Rule 202(a) further provides, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian *ad litem* by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a) (citing Fed. R. Civ. P. 17(c)). Local Rule 202 also requires disclosure of the attorney's interest, specifically requiring the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804.

Here, the proposed guardian *ad litem* Paul Viriyapunt represents that he is the son of Plaintiff, who is suffering from dementia. (Doc. No. 20-1 at ¶¶ 4–5.) Paul Viriyapunt represents Plaintiff is unable to manage her affairs and submits a copy of an executed power of attorney for Plaintiff and a declaration from Dr. Richelle Parazo Cruz in support of those representations. (Doc. Nos. 20-1 at ¶¶ 4–5; 20-2; 20-3.) Paul Viriyapunt also represents he believes his appointment as guardian *ad litem* is in Plaintiff's best interest and if he is appointed, he would operate with Plaintiff's best interest in mind. (Doc. No. 20-1 at 20-1 at ¶¶ 7–8.) Based on these

representations, the court finds Paul Viriyapunt to be an appropriate guardian *ad litem* for Plaintiff, and that the requirements of Local Rule 202(a) have been satisfied. However, Plaintiff's counsel has not provided the disclosure of attorney's interest as required by Local Rule 202(c). For this reason, the court will deny Plaintiff's motion for appointment as guardian *ad litem* without prejudice to her re-filing a revised motion or notice that complies with the requirements of Local Rule 202(c).

Accordingly:

1. Plaintiff's motion to appoint Paul Viriyapunt as guardian *ad litem* (Doc. No. 20) is denied, without prejudice, due to noncompliance with the requirements of Local Rule 202(c); and

2. Plaintiff shall file a renewed motion or revised notice that complies with Local Rule 202(c) within fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: **December 23, 2024**

Dena Coggins
United States District Judge

3