1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NORMA VIRIYAPUNT,                         No. 2:24-cv-02078-DC-AC

12              Plaintiff,

13        v.                                   ORDER GRANTING PLAINTIFF
                                               VIRIYAPUNT'S RENEWED MOTION TO
14   CENTRAL STATE CREDIT UNION,               APPOINT PAUL VIRIYAPUNT AS
                                               GUARDIAN *AD LITEM*
15              Defendant.
                                               (Doc. No. 26)
16

17        On November 27, 2024, Plaintiff Norma Viriyapunt filed a motion to appoint Paul

18   Viriyapunt as her guardian *ad litem*. (Doc. No. 20.) The court denied the motion without

19   prejudice because the motion did not comply with the requirements of Local Rule 202(c). (Doc.

20   No. 25.) On January 6, 2025, Plaintiff filed a renewed motion to appoint Paul Viriyapunt as

21   guardian *ad litem*. (Doc. No. 26.)[1] Pursuant to Local Rule 230(g), the pending motion is taken

22   under submission to be decided on the papers. Accordingly, the court vacates the hearing on the

23   pending motion scheduled for February 21, 2025. For the reasons explained below, the court will

24   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

25   [1] Local Rule 202(a) provides "[u]pon commencement of an action or upon initial appearance in
     defense of an action by or on behalf of a minor or incompetent person, the attorney representing
26   the minor or incompetent person" shall move for the appointment of a guardian *ad litem*. The
     court finds a three-month delay in requesting the appointment of a guardian *ad litem* for an
27   incompetent person is disfavored. Nonetheless, the court finds good cause exists to excuse
     Plaintiff's untimely request for the appointment of a guardian *ad litem*. Plaintiff's counsel is
28   reminded of his obligation to adhere to the Local Rules.

                                             1

1    grant the renewed motion and appoint Paul Viriyapunt as Plaintiff's guardian *ad litem*.

2           Under Rule 17 of the Federal Rules of Civil Procedure, "[a] minor or an incompetent

3    person who does not have a duly appointed representative may sue by a next friend or by a

4    guardian *ad litem*." "The court must appoint a guardian *ad litem*—or issue another appropriate

5    order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ.

6    P. 17(c)(2). A representative of a minor or incompetent person may sue or defend on behalf of the

7    minor or incompetent person.  Fed. R. Civ. P. 17(c).

8           The appointment of the guardian *ad litem* is more than a mere formality. *United States v.*

9    *30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805

10   (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests

11   of the individual during the litigation. *Id*. The guardian need not possess special qualifications,

12   but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to

13   litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting

14   *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).

15          In this district, Local Rule 202(a) further provides, in pertinent part:

16                 Upon commencement of an action or upon initial appearance in
                   defense of an action by or on behalf of a minor . . . the attorney
17                 representing the minor or incompetent person shall present . . . a
                   motion for the appointment of a guardian *ad litem* by the Court, or
18                 . . . a showing satisfactory to the Court that no such appointment is
                   necessary to ensure adequate representation of the minor or
19                 incompetent person.

20   L.R. 202(a) (citing Fed. R. Civ. P. 17(c)). Local Rule 202 also requires disclosure of the

21   attorney's interest, specifically requiring the following:

22                 When the minor or incompetent is represented by an attorney, it shall
                   be disclosed to the Court by whom and the terms under which the
23                 attorney was employed; whether the attorney became involved in the
                   application at the instance of the party against whom the causes of
24                 action are asserted, directly or indirectly; whether the attorney stands
                   in any relationship to that party; and whether the attorney has
25                 received or expects to receive any compensation, from whom, and
                   the amount.
26

27   L.R. 202(c).

28          The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion

of the trial court." *30.64 Acres of Land*, 795 F.2d at 804.

The court finds the requirements of Local Rule 202(a) have been satisfied. The proposed guardian *ad litem* Paul Viriyapunt represents that he is the son of Plaintiff, who is suffering from dementia. (Doc. No. 20-1 at ¶¶ 4–5.) Paul Viriyapunt represents Plaintiff is unable to manage her affairs. (*Id*. at ¶ 6.) Paul Viriyapunt declares he believes his appointment as guardian *ad litem* is in Plaintiff's best interest and if he is appointed, he would operate with Plaintiff's best interest in mind. (*Id*. at ¶¶ 7–8.)

The motion also meets the requirements of Local Rule 202(c). In a declaration filed in support of the pending motion, Plaintiffs' counsel Scott M. Plescia declares that his law firm Loker Law, APC, was engaged by Paul Viriyapunt to pursue Plaintiff's claim against Defendant Central State Credit Union. (Doc. No. 26-2 at ¶ 5.) Attorney Plescia represents the engagement of Loker Law, APC is on a pure contingency basis, and at this point in time, the firm has not been compensated in any way. (*Id*. at ¶ 6.) Attorney Plescia asserts Loker Law, APC did not become involved in this case at the instance of Defendant Central State Credit Union and the firm does not hold any interest adverse to Plaintiff. (*Id*. at ¶ 7.)

For these reasons, the Plaintiff's renewed motion will be granted.

Accordingly:

1.    The renewed motion for the appointment of Paul Viriyapunt as guardian *ad litem* for Plaintiff Norma Viriyapunt (Doc. No. 26) is granted;

2.    Paul Viriyapunt is appointed to act as guardian *ad litem* for Plaintiff Norma Viriyapunt and is authorized to prosecute the action on her behalf; and

3.    In light of this order, the hearing on Plaintiff's renewed motion set for February 21, 2025 is vacated.

IT IS SO ORDERED.

Dated:   **January 10, 2025**

Dena Coggins
United States District Judge

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28